ALTICE, J.,
concurring in part and dissenting in part.
I concur fully with my colleagues’ resolution of the severance issue, as well as its conclusion that the State presented sufficient evidence to ¡support Robinson’s conviction for the January 25, 2015 theft. However, I must part ways with the majority’s conclusion that the State presented insufficient evidence to support Robinson’s corrupt business influence conviction. I do not take issue with the majority’s observation that the commission of any two predicate offenses will not necessarily support a RICO conviction. My disagreement is with the majority’s conclusion that the spe *661 cific facts of this ease cannot support such a conviction.
The majority seems to suggest that Robinson’s RICO conviction cannot stand because the predicate offenses are simply not serious enough. Indeed, they reason that “the commission of two acts of shoplifting of this type is [not] the kind of activity our legislature meant to be covered by our RICO statute.” Op. at ¶ 24. I disagree. The provision of the Indiana RICO act under which Robinson was convicted provides that a person “who through a pattern of racketeering activity, knowingly or intentionally acquires or maintains, either directly or indirectly, an interest in or control of property or an enterprise ... commits corrupt business influence, a Level 5 felony.” I.C. § 35-45-6-2. In relevant part, the Indiana RICO Act defines “pattern of racketeering activity” as “engaging in at least two (2) incidents of racketeering activity that have the same or similar intent, result, accomplice, victim, or method of commission, or that are otherwise interrelated by distinguishing characteristics that are not isolated incidents.” I.C. § 35-45-6-l(d), “Racketeering activity” is specifically defined to include theft. I.C. § 35-45-6-l(e).
Thus, by the plain language of the statute, two acts of theft — even shoplifting— can support a RICO conviction. Moreover, the provision of the RICO Act under which Robinson was charged does not require that he act in concert with others in any sort of criminal enterprise. If the legislature wished to limit the reach of the RICO Act to more sophisticated criminals and members of organized crime syndicates like Lucky Luciano or Carlo Gambi-no, it could easily have done so. I believe the language of the statute is a better indicator of the legislature’s intent than this court’s decisional law. See Jackson v. State, 50 N.E.3d 767, 772 (Ind.2016) (noting that to determine legislative intent, “we look first to the statutory language and give effect to the plain and ordinary meaning of statutory terms” and that “[wjhere the language is clear and unambiguous, there is no room for judicial construction” (citation and internal quotation marks omitted)).
I also respectfully disagree with the majority’s conclusion that Robinson’s offenses were isolated and sporadic. As our Supreme Court noted in Jackson, “[i]n some cases, proving that two or more criminal incidents are not isolated will be straightforward, as the very nature of the crimes will suggest that they are not sporadic.” Id. at 776. I believe this is such a case. The predicate offenses were not merely similar — they were virtually identical. On two occasions less than a month apart, Robinson stole or attempted to steal components of the same home security system from the same store and in the same manner. In my view, the striking similarities between the predicate offenses were sufficient to permit a reasonable inference that the thefts were interrelated rather than isolated acts.
For all of these reasons, I would affirm Robinson’s corrupt business influence conviction. Because the majority reverses Robinson’s conviction, it does not reach his sentencing argument. I will not delve into a full analysis of Robinson’s Appellate Rule 7(B) argument because I write separately. It suffices for these purposes to say that in light of Robinson’s criminal history, which dates back to 1987 and includes ten felonies, I would not find the sentence imposed inappropriate. In sum, I would affirm Robinson’s conviction and sentence in full.